IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DWANE MOTLEY, | : | |
| | : | Case No. 5:18CV1276 |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge John R. Adams |
| | : | |
| BWP TRANSPORT, INC., et al., | : | |
| | : | **ORDER** |
| Defendants. | : | |
| | : | |
| | : | |

This matter is before the Court on Defendant BWP Transport, Inc.'s ("BWP") Motion for

Partial Dismissal under Federal Rule of Civil Procedure 12(b)(6). (Doc. 4.) The motion is ripe

for review. For the reasons stated, the motion is GRANTED. Counts three and five of the

complaint as asserted against BWP are dismissed.

In this lawsuit, Plaintiff alleges personal injuries arising out of an incident at his employer's

loading dock during the course of his employment. Plaintiff's complaint contains various claims,

including three claims against BWP. BWP moves for dismissal of two of those claims.

Specifically, BWP moves to dismiss Plaintiff's third claim for relief. This claim asserts

violation of "statutory statutes and regulations, including but limited to Sections 49 C.F.R. §§ 350-

99." However, these regulations, known as the Federal Motor Carrier Safety Regulations, do not

create a private cause of action in Ohio for personal injury claims. *Bake v. Swift Transportation*,

S.D. Ohio No. 2:17CV909, 2018 WL 2088006 at *2 (S.D. Ohio May 4, 2018). Accordingly,

Plaintiff has not stated a claim against BWP in count three for which relief may be granted.

BWP also moves to dismiss Plaintiff's fifth cause of action, a claim for negligent

entrustment, on the ground that it is insufficiently pled. A negligent entrustment claim will survive a motion to dismiss only if the plaintiff "plead[s] facts which indicate that the individual hired had a past history of criminal, tortious, or otherwise dangerous conduct about which the [employer] knew or could have discovered through reasonable investigation." *Baker*, 2018 WL 2088006 at \*4; *see also Jones v. Praxair, Inc.*, S.D. Ohio No. 3:125CV277, 2016 WL 3582128 at \*4 (S.D. Ohio Jun. 28, 2016); *Johnson v. J.B. Hunt Transport, Inc.*, 2009 WL 4282941 at \*6 (N.D. Ohio Nov. 30, 2009) (Carr, J.). A plaintiff asserting a negligent entrustment claim must also plead factually that the actions of the alleged tortfeasor were reasonably foreseeable. *See Williamson v. Eclipse Motor Lines, Inc.*, 145 Ohio St. 467, para. two of the syllabus (1945). Here, Plaintiff has failed to present any factual allegations that the John Doe purportedly involved in the loading dock incident had a past history of criminal, tortious, or otherwise unreasonable conduct that was discoverable by the employer, or that his actions were reasonably foreseeable. There are no allegations that BWP should have known of John Doe's (unalleged) dangerous propensities, or that he was involved in any prior accidents, received prior moving violations, or had a history of accidents. Rather, Plaintiff's negligent entrustment claim contains nothing more than conclusory and formulaic allegations, which do not meet the pleading standard of *Iqbal/Twombly*. Accordingly, Plaintiff has failed to state a claim for relief with respect to his negligent entrustment claim.

Federal Rule of Civil Procedure 12(b)(6) permits a court to grant a motion to dismiss when a complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In deciding a motion to dismiss under Rule 12(b)(6),the court must treat all factual allegations as true and

construe the complaint in a light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

With this standard in mind, the Court has determined that, for the reasons stated, Plaintiff has failed to state a claim against BWP for which relief may be granted on claims three and five of the complaint. Accordingly, BWP is entitled to dismissal of these claims. BWP's motion for partial dismiss is thus GRANTED.

**IT IS SO ORDERED.**

_s/*John R. Adams*_____
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

**DATED**: 3/14/19