# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Dwane Motley,** | **Case No. 5:18cv1276** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **BWP Transport, Inc., et al.,** | **MEMORANDUM OPINION AND** |
| **Defendants** | **ORDER** |

Currently pending are Plaintiff Dwane Motley's Motion for Leave to Substitute Party (Doc. No. 38) and Motion in the Alternative to Stay Ruling on Motion for Leave to Substitute (Doc. No. 42.) For the following reasons, Plaintiff's Motions are DENIED.

## I.  Procedural Background

On November 1, 2017, Plaintiff Dwane Motley (hereinafter "Plaintiff" or "Motley") filed a Complaint in the Summit County Court of Common Pleas, asserting various claims for negligence, negligence per se, and declaratory relief arising from workplace injuries he sustained on November 18, 2015. (Doc. No. 1-1.) Motley named the following parties as defendants: (1) BWP Transport, Inc.; (2) Cotter Merchandise Storage Company; (3) John Doe. No. 1; (4) John Doe Insurance Co. 2-10; and (5) Ohio Bureau of Workers Compensation.[1] (*Id*.) With regard to John Doe No. 1, the Complaint provided the following description:

---

[1] Motley alleged that he was employed by Defendant Cotter Enterprises as a forklift operator at the time of the November 18, 2015 incident. (*Id*. at ¶ 7.) He described the circumstances of the incident as follows: "On or about November 18, 2015, Plaintiff, Dwane Motley, was given a loading order to load a trailer that was being operated by John Doe 1. Upon receiving the order the Plaintiff retrieved a portion of the load with the tow motor that was located at the facility. When the Plaintiff drove the tow motor onto the ramp that connected the loading dock and the trailer, Defendant John Doe 1, suddenly, and without warning, accelerated away from the loading dock prior to being notified by the Plaintiff that he

> JOHN DOE 1 (individual who was operating the tractor-trailer that the Plaintiff was loading at the time of the incident that is the subject of this Complaint, whose name and address is currently unknown).

(*Id.*)

The state court docket reflects that service was not returned executed as to Defendants BWP Transport, Cotter, and the Ohio Bureau of Workers Compensation until May 16, 2018. Shortly thereafter, on June 5, 2018, Defendant BWP Transport (hereinafter "BWP") removed this action to this Court on the basis of diversity jurisdiction. (Doc. No. 1.) Motley filed a Motion to Remand (Doc. No. 7), which BWP opposed. Meanwhile, BWP filed a Motion for Dismissal of Counts III and V (Doc. No. 4) and Defendant Cotter filed a Motion to Dismiss (Doc. No. 11). Motley opposed both motions.

On March 17, 2019, then-assigned District Judge John Adams issued Orders (1) denying Motley's Motion to Remand (Doc. No. 20); (2) granting Defendant Cotter Merchandise's Motion to Dismiss (Doc. No. 18); and (3) granting BWP's Motion to Dismiss Counts III and V (Doc. No. 19). The parties filed their Initial Disclosures (Doc. Nos. 25, 26, 27), and served their first sets of interrogatories and requests for production of documents (Doc. Nos. 29, 30) in May 2019.

A Case Management Conference ("CMC") was conducted on June 4, 2019, at which time various case management deadlines were set. (Doc. No. 32.) Of particular relevance, the Court set a deadline of June 28, 2019 for joining parties and amending pleadings, and a discovery deadline of November 4, 2019. (*Id.*)

---

had completed loading the trailer, thereby causing the Plaintiff and the tow motor to fall from the loading dock. As a result, the Plaintiff sustained serious and permanent injuries." (*Id*. at ¶ 9.)

On July 2, 2019, BWP served its responses to Motley's First Set of Discovery. (Doc. No. 37.) Shortly thereafter, on July 11, 2019, Motley filed a "Motion for Leave to Substitute "Darryl L. Elliott" for Defendant "John Doe 1," Instanter." (Doc. No. 38.) BWP filed a Brief in Opposition on July 24, 2019, to which Motley filed a response on July 30, 2019. (Doc. Nos. 41, 42.) Motley also filed, in the alternative, a Motion to Stay ruling on Motion for Leave until additional discovery could be conducted on the issue of whether Mr. Elliott had notice of the instant lawsuit. (Doc. No. 42.) BWP filed a Brief in Opposition to Motley's Motion for Stay on August 1, 2019. (Doc. No. 45.)

**II.     Analysis**

In his Motion for Leave, Motley asserts that substitution should be permitted pursuant to Fed. R. Civ. P. 15(c)(1)(B) and (C) because he only just became aware (through BWP's discovery responses) that Mr. Elliott was the driver of the semi tractor-trailer that was involved in Motley's workplace accident. (Doc. No. 38.) Motley further argues that Mr. Elliott should have received notice of the claim against him at the time of the original Complaint because the John Doe 1 description adequately described him as the driver of the semi tractor-trailer. (*Id.* at p. 5.) Motley asserts that "given that BWP was on notice of the subject case, BWP was aware that their employee, Darryl Elliott, was the designated John Doe 1 Defendant such that they should have given him adequate notice." (*Id.*)

In its Brief in Opposition, BWP argues that leave should be denied as futile because Motley failed to amend to include Mr. Elliott as a defendant prior to the running of the two-year statute of limitations and, therefore, any claims against him are time-barred. (Doc. No. 41.) BWP further asserts that the relation back provisions of Rule 15(c) do not save Plaintiff's claims against Elliott because, under controlling Sixth Circuit precedent, "adding new, previously unknown defendants in

3

place of 'John Doe' defendants is considered a change in parties, not a mere substitution of parties . . . and such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)." (*Id*.) BWP also maintains that Motley has failed to show that Mr. Elliott had notice of the claims against him, asserting that "there is no evidence that Darryl Elliott was still employed by BWP Transport in November 2017, when the Complaint was filed" or that anyone else informed Elliott about Plaintiff's lawsuit. (*Id.*) Lastly, BWP argues that leave to substitute Mr. Elliott should be denied because the June 28, 2019 pleading amendment/join parties deadline is well past. (*Id.* at p. 4.)

In his Reply Brief, Motley first argues that BWP lacks standing to oppose substitution of Mr. Elliott and asserts that this Court should instead allow Elliott file a motion to dismiss on his own behalf. (Doc. No. 42 at p. 4.) Turning to the merits of his motion, Motley next argues that he "incorrectly relied on Fed. R. Civ. P. 15(c) instead of Ohio's Rules of Civil Procedure." (*Id*. at p. 4.) He maintains that he sufficiently identified "John Doe 1" pursuant to Ohio Civ. R. 15(D) when he filed his complaint in state court such that both Mr. Elliott and BWP received notice of Plaintiff's claims and, therefore, "his amended complaint may relate back to the original complaint." (*Id.* at 5.) Alternatively, Motley asserts that he satisfied both the mistake and notice provisions of Fed. R. Civ. P. 15(c), citing the Supreme Court's decision in *Krupski v. Costa Crociere S.p.A*., 560 U.S. 538 (2010). (*Id*.) He claims that BWP was certainly aware of Motley's claims against Elliott and that BWP's knowledge can be imputed to Elliott as a matter of law. (*Id*. at 8.)

Lastly, Motley argues that "BWP's filing of its removal and delay in providing discovery responses including its identifying of Elliott as the driver at the time of the subject incident has caused the delay in Plaintiff being able to sufficiently identify him such that Defendant BWP cannot now complain about any such delay." (*Id.*) He maintains that "BWP's argument would allow a defendant

4

and his/her liability insurer to escape liability by concealing the identity of the unidentified defendant pre-suit while also leaving the possibility of settlement open to string the plaintiff along and delay the commencement of suit." (*Id*. at p. 10.)

In response, BWP submits an affidavit from Mr. Elliott in which he avers that he "had no idea" that a lawsuit would be brought against him arising out of the November 18, 2015 incident. (Doc. No. 45-1.) He maintains that his employment with BWP ended on August 15, 2017 and he had "no idea" that a lawsuit was filed against BWP several months later, in November 2017. (*Id*.) Mr. Elliott also avers that the "the first time I found out the lawsuit had been filed was in June 2019, after the forklift operator's attorney apparently requested my deposition through the BWP Transport, Inc. attorney." (*Id*.)

For the following reasons, Motley's Motion for Leave to Substitute Mr. Elliott as John Doe 1 is denied. As an initial matter, the Court rejects Motley's argument that he "sufficiently pled John Doe 1 in compliance with Ohio Civ. R. 15(D) such that his amended complaint may relate back to the original complaint." (Doc. No. 42 at p. 5.) Motley's alleged compliance with the Ohio Rules of Civil Procedure when he filed his Complaint in state court is not relevant to the issue at hand. Here, the question is whether Motley may now, post-removal, amend his complaint to "substitute" Mr. Elliott as a named defendant. It is well established that the Federal Rules of Civil Procedure apply to a civil action after it is removed from state court. *See* Fed. R. Civ. P. 81(c); *Granny Goose Foods v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438 (1974) ("The Federal Rules of Civil Procedure, like other provisions of federal law, govern the mode of proceedings in federal court after removal."); *Vanhook v. Somerset Health Facilities, LP*, 67 F.Supp.3d 810, 815 (E.D. Ky. 2014) ("It is well established that the Federal Rules of Civil Procedure apply to removed cases."). Thus,

5

the Court finds that the Federal Rules of Civil Procedure governing amendment of pleadings and relation back apply to Motley's motion.[2]

As noted above, BWP argues that leave to substitute Mr. Elliott in place of "John Doe 1" should be denied because (1) Motley's claims against Elliott are now time-barred; (2) the relation back provisions of Fed. R. Civ. P. 15(c) do not apply; and (3) it would therefore be futile to allow Motley to "substitute" Elliott as a defendant. Federal Rule of Civil Procedure 15(c) provides, in relevant part, as follows:

**(c) Relation Back of Amendments**.

**(1) When an Amendment Relates Back**. An amendment to a pleading relates back to the date of the original pleading when:

* * *

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

   (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

   (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Interpreting this Rule, the Sixth Circuit has found that the substitution of a "John Doe" defendant with a named party is not a "mistake concerning the proper party's identity" for purposes

---

[2] The Court notes that, in a case very similar to the instant action, the Sixth Circuit expressed considerable doubt as to whether, in a removal action, Ohio's "more permissible John Doe pleading standards" would operate to allow a plaintiff to correct a complaint after the end of the statute of limitations period. *See Smith v. City of Akron*, 476 Fed. Appx. 67, 70 (6th Cir. 2012).

of Rule 15(c)(1)(C)(ii) but is, instead, a change in parties. *See Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 319 (6th Cir. 2010) (citing *In re Kent Holland Die Casting & Plating, Inc*., 928 F.2d 1448, 1450 (6th Cir.1991) (Rule 15(c) does not allow for the addition of new parties after the statute of limitations has expired); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir.1996) (substituting a named defendant for a "John Doe" defendant is considered a change in parties rather than a mere substitution of parties)). As the Sixth Circuit has explained, Rule 15(c) "allows relation back for the mistaken identification of defendants, not for defendants to be named later through 'John Doe.'" *Smith v. City of Akron*, 476 Fed. Appx. 67, 69 (6th Cir.2012) (collecting cases). The Rule was not designed to correct the situation where a plaintiff was not mistaken about the identity of the parties he intended to sue but rather "did not know who they were and apparently did not find out within the ... limitations period." *Id*., at *1 (citing *In re Kent Holland*, 928 F.2d at 1449–50; *Cox*, 75 F.3d at 240; *Moore v. Tennessee*, 267 Fed. Appx 450, 455 (6th Cir. 2008)).

Here, and in light of the above, the Court finds that Rule 15(c) does not allow relation back of Motley's proposed claims against Mr. Elliott. Motley did not make a mistake concerning John Doe 1's identity, but rather seeks to add a new, previously unknown defendant, in place of John Doe 1, which is considered a change in parties under Sixth Circuit law. Accordingly, Motley cannot establish a mistake of identity and consequently does not satisfy the relation back exception of Rule 15(c)(1)(C).

Motley's argument that the Supreme Court's decision in *Krupski, supra* demands a different result, is without merit. The Sixth Circuit rejected this very argument in *Smith v. City of Akron*, 476 Fed. Appx. 67, 69 (6th Cir. 2012). In that case, Smith filed suit in state court claiming violations of the federal constitution and state tort law by "John and Jane Does 1-10," the City of Akron, and the

7

Akron Police Department. The City removed the case to federal court, after which Smith amended his complaint to add Officers Ross and Miles as defendants in place of "John Doe" numbers 1 and 2. Ross and Miles moved to dismiss on the basis that Smith's claims were time-barred. The district court granted the motion, reasoning that Smith's amendment did not "relate back" to his original complaint. The Sixth Circuit agreed, finding that "Smith did not make a mistake about the identity of the parties he intended to sue; he did not know who they were and apparently did not find out within the two-year limitations period. The relation-back protections of Rule 15(c) were not designed to correct that kind of problem." *Smith*, 476 Fed. Appx. at 69.

In so finding, the Sixth Circuit found Smith's reliance on *Krupski* to be misplaced, explaining as follows:

> Smith adds that a recent Supreme Court decision requires us to alter our interpretation of Rule 15(c). Not so. In *Krupski v. Costa Crociere S.p.A.*, 560 U.S. ——, 130 S.Ct. 2485, 177 L.Ed.2d 48 (2010), the plaintiff knew of two potential parties when she filed the lawsuit, but she sued the wrong party and corrected the mistake only after the statute of limitations had expired. *Id*. at 2490–92. The Supreme Court held that Krupski made a "mistake" under Rule 15(c), even though she knew the identity of the proper party when she filed her complaint. *Id*. at 2494. "[A] plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim." *Id*.
>
> Krupski's problem is not Smith's problem. Smith did not make a mistake about which defendant to sue; he simply did not know whom to sue or opted not to find out within the limitations period. *Cox,* 75 F.3d at 240; *Moore*, 267 Fed. Appx. at 454–56. Because he waited until the last day of the two-year limitations period to file his complaint, that left no time to discover the identity of his arresting officers within the relevant time. Even after *Krupski*, Rule 15(c) offers no remedy for this problem. The Rule allows relation back for the mistaken identification of defendants, not for defendants to be named later through "John Doe," "Unknown Defendants" or other missing appellations. Our approach is consistent with the holdings of every other circuit on this issue. *See Wilson v. U.S. Gov't*, 23 F.3d 559, 563 (1st Cir.1994); *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir.1995); *Locklear v. Bergman & Beving AB*, 457 F.3d 363, 367 (4th Cir.2006); *Jacobsen v. Osborne*, 133 F.3d 315, 320–21 (5th Cir.1998); *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir.1998); *Foulk v. Charrier*, 262 F.3d 687, 696 (8th Cir.2001); *Garrett v. Fleming*,

8

> 362 F.3d 692, 696 (10th Cir.2004); *Wayne v. Jarvis*, 197 F.3d 1098, 1103–04 (11th Cir.1999). *But cf. Singletary v. Penn. Dep't of Corr.*, 266 F.3d 186, 200 (3d Cir.2001) (urging the Rules Advisory Committee to amend Rule 15(c)(3) to adopt the opposite approach).

*Id.* at *69-70.

Here, nothing in Motley's Complaint suggests or establishes that he made a mistake when he sued John Doe 1, as opposed to the proper party. Rather, Motley simply did not know the identity of John Doe 1 when he brought suit. As noted above, "Rule 15(c) offers no remedy for this problem." *Smith*, 476 Fed. Appx. at *69-70. *Krupski* does not require a different result. *See Combs v. Management & Training Corp.*, 2018 WL 3060001 at * 4 (N.D. Ohio June 20, 2018); *Wallace v. Dolgen Midwest, LLC*, 2015 WL 778840 at * 2-3 (N.D. Ohio Feb. 24, 2015).

Moreover, even assuming the mistaken identity requirement of Rule 15(c)(1)(C)(ii) were satisfied here, there is no evidence that the other requirements of Rule 15(c) are met. As noted above, Mr. Elliott submitted a sworn statement that he had no knowledge of this action prior to June 2019, when he was first advised that Motley's attorney had requested his deposition. (Doc No. 45-1.) Moreover, Mr. Elliott averred that he stopped working at BWP Transport as of August 2017, well before Motley filed his Complaint in November 2017. (*Id.*) Thus, the Court is not persuaded that BWP's knowledge of the lawsuit may be imputed to Mr. Elliott.

Accordingly, and for all the reasons set forth above, the Court finds that Rule 15(c) does not allow relation back of Motley's proposed claims against Mr. Elliott. As Motley does not dispute that the statute of limitations expired in November 2017, the Court finds it would be futile to allow him to substitute Mr. Elliott in place of John Doe 1. Therefore, Motley's Motion for Leave to Substitute Mr. Elliott for John Doe 1 is denied. In addition, as Motley cannot demonstrate a mistake for purposes

9

of Rule 15(c)(1)(C)(ii) as a matter of law, the Court denies his alternative request for a stay to conduct discovery on the issue of notice.

## III. Conclusion

For all the reasons set forth above, Motley's Motions for Leave to Substitute Darryl Elliott for Defendant John Doe 1 (Doc. No. 38) and for a Stay (Doc. No. 42) are DENIED.

**IT IS SO ORDERED.**


Date:  October 10, 2019

    *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE